UNITED STATES of America, Plaintiff–Appellee,

v.

Cipriano REYES–MANCIAS, also known as Guadalupe Reyes–Mancias, Defendant–Appellant.

No. 04–40585.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 21, 2004.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Miguel A. Nogueras, Molly E. Odom, FEderal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM: *

Cipriano Reyes–Mancias pleaded guilty to one count of illegal reentry into the

United States following deportation, and the district court sentenced him to 46 months in prison and a two-year term of supervised release. Reyes argues for the first time on appeal that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Reyes concedes, this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

Reyes also argues that the Supreme Court's holding in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should be applied to sentences determined under the federal sentencing guidelines. He concedes that this argument is foreclosed by this court's recent opinion in *United States v. Pineiro*, 377 F.3d 464, 465 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), but he raises it to preserve it for possible further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.